ALFREDO MUÑOZ-RODRÍGUEZ, Appellant, *v.* REGISTRAR OF CAGUAS, Respondent.

No. 708.   Submitted February 21, 1928.—Decided March 6, 1928.

*J. A. Hernández Pérez* for the appellant.   The registrar appeared by brief.

MR. JUSTICE TEXIDOR delivered the opinion of the court.

Alfredo Muñoz Rodríguez had recorded in the registry of property of Caguas a joint interest of 75.937 acres of land in a property of 86.33 acres in the municipal district of San Lorenzo, the other joint owner of 10.393 acres being Carlos Torres Villafañe whose right is not recorded.   The record in favor of Muñoz Rodríguez was made by virtue of an order of the district court of Humacao.

On November 17, 1927, by a public deed executed before notary J. A. Hernández Pérez, Alfredo Muñoz Rodríguez and Carlos Torres Villafañe proceeded to divide between them the rural property referred to, and on presenting a copy of the deed in the registry of property for the record of the portion of the property corresponding to Muñoz Rodríguez the registrar denied the record because the jointly owned share of Torres Villafañe had not been recorded.

This is an appeal from that decision and both appellant Alfredo Muñoz Rodríguez and the respondent registrar appeared at the hearing.

There is in every division of common property a mutual conveyance of the rights of the owners to the portion of the property or properties which each one of them acquires individually and specifically.   For this reason it seems necessary for the purpose of the registry of property that the undivided interests be recorded, thus complying with the

requirement of the previous record, which is one of the essential bases of our mortgage system, and in conformity with section 20 of the Mortgage Law whose first paragraph reads as follows:

"Art. 20.—In order to permit of the record or entry of deeds conveying or encumbering the ownership or possession of real property or property rights, the interest of the person executing it or of the person in whose name the conveyance or encumbrance is made must first appear of record."

The fifth paragraph of that section provides that if such interest is not recorded in favor of any person whatsoever, the registrar shall enter a cautionary notice at the request of the person interested.

This last paragraph of section 20 clearly shows that the absence of a previous record is not always an incurable defect, since such omission does not imply the non-existence of the interest but only that compliance has not been had with the provision of the Mortgage Law, and this can be remedied by curing the defect.

The absence of a previous record has been considered in different ways. Sometimes as an incurable and others as a curable defect, according to the circumstances of each case. In the case at bar there is a deed from which it appears that the property in question is jointly owned by two persons who executed the deed, although the interest of one of them does not appear of record. The record of the division as regards Muñoz Rodríguez whose title is in legal shape can not prejudice anybody; but the deed of division is undoubtedly defective, because the interest of the other part owner who appears in the division does not appear of record, and such division signifies a conveyance of rights.

The fault or defect in the instant case can not be considered as incurable; and the record may and should be made with the curable defect that the condominium of Carlos Torres Villafañe is not recorded. In this sense the decision

appealed from must be reversed and the record ordered with the aforesaid defect.